IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JASON J. FRANKS, | ) | |
| | ) | |
| Plaintiff, | ) | 4:10CV3158 |
| | ) | |
| v. | ) | |
| | ) | |
| PEAK CREDIT SERVICES, LLC, a | ) | MEMORANDUM AND ORDER |
| Florida Limited Liability Company, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on the plaintiff's Motion for Leave to Conduct a Debtor's Exam of Judgment Debtor (filing 18). The court finds the motion should be granted.

The plaintiff obtained default judgment over the defendant in the amount of $400.00 on November 3, 2010 (filing 10).

The plaintiff obtained an award of attorney's fees in the amount of $750.00 (filing 15).

Judgment was entered in the amount of $400.00 in statutory damages and $750.00 in attorney's fees, together with interest thereon at the rate of 0.29 percent as provided by law (filing 16).

On February 22, 2011, the plaintiff moved, pursuant to Fed. R. Civ. P. 69, for an order compelling Stephen Cerrone, the Managing Member of the Judgment Debtor herein, Peak Credit Services, LLC, to appear before the court and submit to an examination for purposes of determining what property or assets may be subject to execution or garnishment toward satisfaction of the Judgment (filing 16).

Under Fed. R. Civ. P. 69 a debtor's examination shall proceed in accordance "with the procedure of the state where the court is located...." Under Neb. Rev. Stat. § 25-1565 the judgment creditor is "entitled to an order...requiring the judgment debtor to appear and

answer concerning his or her property before the judge...at a time and place specified in the order...." Thus, a judgment creditor has a right to a debtor's exam as a matter of law.

Neb. Rev. Stat. §§ 25-1565 et seq. provides the court with broad discretion in determining what parties may be required to receive notice of a debtor's exam. To date, service has been mailed to the defendant's address in Largo, Florida. The plaintiff avers that Mr. Stephen Cerrone is an officer and director of the defendant and service has been mailed to his address in Saint Petersburg, Florida. Because of the location of the debtor and because court wants to ensure that Mr. Stephen Cerrone has ample opportunity to be made aware of, and participate in, the debtor's examination and avoid any potential consequences of a failure to appear, the court finds that the plaintiff shall provide notice of the debtor's examination to Mr. Stephen Cerrone personally by any means acceptable under Fed. R. Civ. P. 4(b).

Accordingly,

IT IS ORDERED:

1) The Plaintiff's Motion for Leave to Conduct a Debtor's Exam of Judgment Debtor, (filing 18), is granted.

2) The defendant, Peak Credit Services, LLC, a Florida Limited Liability Company, through its designated officer or member, Stephen Cerrone, shall appear before the undersigned in Courtroom 2, 100 Centennial Mall North, Lincoln, Nebraska 68508 on April 14, 2011 at 1:00 p.m. to participate in a debtor's examination.

3) The plaintiff shall serve this memorandum and order on Mr. Stephen Cerrone pursuant to Fed. R. Civ. P. 4(b), and shall file a certificate of service as proof of service.

DATED this 25th day of March, 2011.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge